Jose RECINOS, a.k.a. Jose Abraham
Recino Hernandez, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 08–71678.

United States Court of Appeals,
Ninth Circuit.

Submitted May 25, 2010.*

Filed June 8, 2010.

Adolfo Ojeda–Casimiro, Esquire, Ojeda
Law Offices, Duvall, WA, for Petitioner.

David V. Bernal, Assistant Director,
Lauren Fascett, OIL, DOJ–U.S. Depart-
ment of Justice, Washington, DC, Ronald
E. LeFevre, Office of the District Counsel,
Department of Homeland Security, San
Francisco, CA, WWS–District, Esquire,
Office of the District Counsel, Department
of Homeland Security, Seattle, WA, for
Respondent.

Before: CANBY, THOMAS, and W.
FLETCHER, Circuit Judges.

MEMORANDUM **

Jose Recinos, a native and citizen of El
Salvador, petitions for review of the Board
of Immigration Appeals' ("BIA") order dis-
missing his appeal from an immigration
judge's decision denying his application for
asylum, withholding of removal, and relief
under the Convention Against Torture
("CAT"). We have jurisdiction under 8
U.S.C. § 1252. We review de novo ques-
tions of law, *Cerezo v. Mukasey*, 512 F.3d
1163, 1166 (9th Cir.2008), except to the
extent that deference is owed to the BIA's
determination of the governing statutes
and regulations, *Simeonov v. Ashcroft*, 371
F.3d 532, 535 (9th Cir.2004). We review
factual findings for substantial evidence.
*Zehatye v. Gonzales*, 453 F.3d 1182, 1184–
85 (9th Cir.2006). We deny the petition
for review.

Substantial evidence supports the agen-
cy's determination that Recinos failed to
demonstrate he was or will be persecuted
based on his father's former civil defense
patrol service. *See Arriaga–Barrientos v.
INS*, 937 F.2d 411, 414 (9th Cir.1991) (re-
quiring "pattern of persecution closely tied
to the petitioner" where violence against
family members is basis of claim). Fur-
ther, we reject Recinos' claim that he was
or will be persecuted by gangs based on an
imputed political opinion or his member-
ship in a particular social group. *See Bar-
rios v. Holder*, 581 F.3d 849, 854–56 (9th
Cir.2009); *Santos–Lemus v. Mukasey*, 542
F.3d 738, 745–46 (9th Cir.2008); *Parussi-
mova v. Mukasey*, 555 F.3d 734, 740–41
(9th Cir.2009) ("The Real ID Act requires
that a protected ground represent 'one
central reason' for an asylum applicant's
persecution"). Accordingly, because Reci-
nos failed to demonstrate that he was or
will be persecuted on account of a protect-
ed ground, we deny the petition as to his
asylum and withholding of removal claims.
*See Barrios*, 581 F.3d at 856.

Recinos failed to set forth any substan-
tive argument regarding the BIA's denial

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

of his CAT claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.